UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| FREDERICK M. ZOSS,<br>Plaintiff<br><br>vs.<br><br>GREG PROTSCH and<br>MUMFORD & PROTSCH, LLP,<br>Defendants | 4:20-cv-4211<br><br>MEMORANDUM<br><br>AND ORDER |

Pending before the Court are the Parties' cross motions for summary judgment. Defendants move for partial summary judgment, asserting that as a matter of South Dakota law, which governs this dispute, noneconomic damages are not available in an attorney malpractice case such as the case before the Court. (Doc. 30). They argue such damages are not foreseeable and therefore cannot be recovered. Plaintiff opposes the motion. (Doc. 35). The Court notes that Plaintiff's Brief (Doc. 35) serves as a brief in opposition to Defendants' motion (Doc. 30) and in support of its own (Doc. 37). Defendants have replied to Plaintiff's response. (Doc. 47).

Plaintiff has filed a motion which is the mirror-image of the Defendants' partial summary judgment motion, arguing noneconomic damages can be recovered in an attorney malpractice case. (Doc. 37). Plaintiff moves for

1

summary judgment on the issue and seeks a ruling that his claim to such damages is sufficient to create a jury question. (Id.) Defendants have responded to Plaintiff's motion addressing noneconomic damages (Doc. 49). Plaintiff has replied. (Doc. 56).

**Background**

Plaintiff filed suit against Defendant law firm, Mumford & Protsch, LLP, and Attorney Protsch, alleging malpractice in Protsch's handling of Plaintiff's sale of cattle. The facts gleaned from the documents filed by the Parties reveal the following: Plaintiff is a retired schoolteacher and part-time farmer. Plaintiff advertised 198 Black Angus cattle for sale through a newspaper advertisement placed on December 8, 2017. Plaintiff sold his cattle to Curt Knutson, who responded to the ad. (Doc. 1, ¶ 13). Plaintiff agreed to take a deposit and to finance the rest of the $270,000 purchase price himself with a "contract for deed." (Doc. 46-3, PgID 478, quoting text of ad). He transferred the cattle during December 20-23, 2017, in advance of a snowstorm and accepted a $30,000 check. On December 28, 2017, Plaintiff met with Protsch to arrange for paperwork for the sale. At that time, Defendant advised Plaintiff he should not have handled the livestock sale in this manner. Defendant also prepared UCC financing statements, a contract, security agreement and promissory note, which Zoss and Knutson signed on December 30, 2017. Defendant advised Zoss he would file and obtain a super

2

priority purchase money security interest in connection with the sale. Protsch filed UCC financing statements in early January 2018 in North Dakota and South Dakota but included inaccurate information identifying the buyer.

In September 2019, Knutson was required to pay $30,000 to Zoss but defaulted. Zoss went to Knutson's farm and found that only 67 cows were at the property. Eventually, Knutson filed for bankruptcy. A credit union had a blanket security interest in Knutson's property as of 2016.

Plaintiff alleges malpractice in that Defendant: 1- failed to file the UCC financing statements in a manner to perfect Plaintiff's lien; 2- failed to search for other lien holders; 3-failed to include a provision in the contract addressing replacement of the cattle; 4-failed to provide competent legal advice; and 5-failed to notify Plaintiff that he may have committed malpractice. (Doc. 1). Plaintiff alleges breach of fiduciary duty for the same conduct and seeks compensatory damages, costs, and disbursements. Defendants deny the claims, and assert they are not the cause of any damages sustained by Plaintiff. (Doc. 14)

**Legal Standard**

1. SUMMARY JUDGMENT

Fed. R. Civ. Pro. 56 provides as follows:

Rule 56. Summary Judgment
(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The

court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. Pro. 56.

As many courts have emphasized, summary judgment is designed to implement the goal of the Federal Rules as a whole, which is to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting F.R.C.P. 1).

Rule 56(c) requires that summary judgment be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). As the Eighth Circuit has noted, "[S]ummary judgment is not disfavored and is designed for every action." *Briscoe v. Cnty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (quoting *Celotex*, 477 U.S. at 327). When cross motions for summary judgment are before the Court, the general principles governing summary judgment apply. *Anderson v. Nationwide Agribusiness Insurance Co.*, 2022 WL 3445838, *1 (D.S.D. 2022).

In reviewing a motion for summary judgment, a court examines "the record in the light most favorable to the nonmoving party ... drawing all reasonable

inferences in that party's favor." *Whitney v. Guys*, 826 F.3d 1074, 1075 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923-24 (8th Cir. 2004)). See also *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987); *Rosebud Sioux Tribe v. Barnett*, 2022 WL 1689393, *2 (D.S.D. 2022). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

2. SUBSTANTIVE CLAIMS

The basis of Plaintiff's lawsuit is a claim for legal malpractice. The elements of such a claim have been set forth in many cases, including *Zhi Gang Zhang v. Rasmus*, as follows: "(1) the existence of an attorney-client relationship giving rise to a duty; (2) the attorney, either by an act or failure to act, breached that duty; (3) the attorney's breach of duty proximately caused injury to the client; and (4) the client sustained actual damage." 932 N.W.2d 153, 162 (S.D. 2019) (quoting *Peterson v. Issenhuth*, 842 N.W.2d 351, 355 (S.D. 2014)). See also *Loring v. United States*, 2020 WL 1274989, *4 (D.S.D. 2020).

Plaintiff has also alleged Defendants breached their fiduciary duty to him. The elements of a claim of that nature were described in *Chem-Age Industries v. Glover* as follows: "a plaintiff must prove: (1) that the defendant was acting as

5

plaintiff's fiduciary; (2) that the defendant breached a fiduciary duty to plaintiff; (3) that plaintiff incurred damages; and (4) that the defendant's breach of the fiduciary duty was a cause of plaintiff's damages." 652 N.W.2d 756, 772 (S.D. 2002) (quoting *Grand State Property, Inc. v. Woods, Fuller, Schultz, & Smith*, 556 N.W.2d 84, 88 (S.D. 1996)).

The issue before the Court with respect to the Parties' motions is a narrow one: whether noneconomic damages may be recovered in a legal malpractice and breach of fiduciary duty case. A federal court sitting in diversity is cognizant that its task is "to interpret state law" and not to "contravene clear directives from state supreme courts." *Dzadiek v. Charter Oak Fire Insurance Company*, 867 F.3d 1003, 1011 (8th Cir. 2017) (citing *Karas v. American Family Insurance Co.*, 33 F.3d 995, 1000 (8th Cir. 1994)). With that guidance the Court must examine current provisions of South Dakota law to resolve the question.

In *Hamilton v. Sommers*, the South Dakota Supreme Court discussed the issue of causation in a legal malpractice case and emphasized that proximate cause is an essential element. 855 N.W.2d 855, 861 (S.D. 2014) (quoting *Bernie v. Catholic Diocese of Sioux Falls*, 821 N.W.2d 232, 240 (S.D. 2012)). The same standard applies in a claim of breach of fiduciary duty. *Chem-Age*, 652 N.W.2d at 772.

In *Peterson*, the facts before the court involved a client who did not contact the attorney until after the action which had caused the damage. The court made clear that "[A]ctions of the defendant attorney in a malpractice action [cannot] be the proximate cause of plaintiff[ ] [client's] losses under a contract [that] existed before the attorney became involved in the transaction." 842 N.W.2d at 356 (quoting *Weiss v. Van Norman*, 562 N.W.2d 113, 117 (S.D. 1997)). The court added that "an attorney is liable in a malpractice action only for losses actually sustained as a proximate result of the conduct of the attorney." *Id.* (quoting *Weiss* at 117; *Staab v. Cameron*, 351 N.W.2d 463, 466 (S.D. 1984)). The *Peterson* court then discussed damages, all of which were economic, and stated plaintiffs could not recover because they had entered into the contract before contacting the attorney, who could not be responsible for their losses. *Id.* at 356.

Although noneconomic damages appear not to have been addressed in *Peterson,* the South Dakota Supreme Court did analyze the circumstances under which they may be awarded in *Maryott v. First Nat. Bank of Eden*, a case involving a bank's wrongful dishonor of the plaintiff's checks. 624 N.W. 2d 96 (S.D. 2001). On appeal, the court approved the award of damages to cover the financial losses resulting from the bank's actions but disapproved the award of damages for emotional distress under the pertinent UCC provision. *Id.* at 103. In its analysis, the court restated the applicable rule for tort cases as follows: "South

Dakota allows recovery of emotional damages only when intentionally inflicted or accompanied by actual physical injury." *Id.* (quoting *Stene v. State Farm Mut. Auto Ins. Co.*, 583 N.W.2d 399, 404 (S.D. 1998)).

Federal courts sitting in diversity have applied this rule consistently. *See, e.g., Dzadiek*, 867 F.3d at 1010-11 (citing *Stabler v. First State Bank of Roscoe*, 865 N.W.2d 466, 479 (S.D. 2015)). In *Justice v. Carter*, the Eighth Circuit affirmed the district court's denial of emotional distress damages in a legal malpractice action, where the lower court had determined that "under South Dakota law, there was no basis to submit the issues of mental anguish, emotional distress, or loss of lifestyle to the jury in this legal malpractice case" concluding that "no error of law appears." 972 F.2d 951, 957 (8th Cir. 1992).

**Analysis**

The problem before the Court is whether South Dakota follows the general rule that noneconomic damages are not foreseeable in a legal malpractice action and therefore are not recoverable. In jurisdictions that follow the rule, a plaintiff ordinarily must prove either intentional or negligent infliction of emotional distress to recover noneconomic damages. *Maryott*, 624 N.W.2d at 103. The rationale is as follows:

> three principal concerns continue to foster judicial caution and doctrinal limitations on recovery for emotional distress: (1) the problem of permitting legal redress for harm that is often temporary and relatively trivial; (2) the danger that claims of mental harm will be falsified or imagined; and (3) the

> perceived unfairness of imposing heavy and disproportionate financial burdens upon a defendant, whose conduct was only negligent....

*Id.* (quoting *Wright v. CocaCola Bottling Co.*, 414 N.W.2d 608, 610 (S.D. 1987)).

Defendants submit the rule is firmly in place, perhaps subject to narrow exceptions in cases involving egregious conduct by the attorney involved. *See, e.g., Innes v. Marzano-Lesnevich*, 87 A.3d 775, 792 (N.J. Super. 2014) (emotional distress damages should not be awarded in legal malpractice case absent egregious or extraordinary circumstances, and finding them where attorney gave child's passport to mother, allowing her to remove child from the country permanently and causing "rupture" of father-child bond)); *Miranda v. Said*, 836 N.W.2d 8, 32-34 (Iowa 2013) (foreseeable that egregious conduct of attorney in recommending conduct that resulted in deportation of client and family separation for a decade would result in severe emotional distress). *Accord, McFarland v. Rieper*, 929 N.W.2d 273 (Iowa Ct. App. 2019) (reversing award of emotional distress damages in adoption case). In these cases of egregious attorney malpractice, the courts focus on the personal, not simply pecuniary, interest of the plaintiff in determining that economic damages are not sufficient compensation. Defendants submit that whether the general rule or its narrow exception applies in this case, Plaintiff cannot recover noneconomic damages.

Plaintiff does not concede that South Dakota follows the general rule precluding the award of noneconomic damages in legal malpractice cases and

suggests the court has taken a broad view of the availability of noneconomic damages in tort cases. He cites *Fix v. First State Bank of Roscoe*, and in particular its language that *Maryott's* limitations should be "read narrowly." 807 N.W.2d 612, 616 (S.D. 2011). The *Fix* court does use this language but then addresses the claims before it, including intentional infliction of emotional distress and abuse of process, the latter having been tried to a jury. *Id.* at 614. The facts pertinent to the case at bar involved the State's Attorney's filing a criminal charge against the plaintiff while the attorney was representing the defendant bank, and then offering to dismiss the charge if plaintiff would deed property back to the bank. *Id.* at 615. In addressing the abuse of process claim against the attorney (who had settled) and bank, the court rejected the notion that plaintiff's emotional distress had to be "extreme and disabling" to warrant recovery as abuse of process is an intentional tort. *Id.* With respect to the intentional infliction of emotional distress claim, the court noted that while the Bank may have acted intentionally, its conduct was not "extreme and outrageous" and therefore, plaintiff could not recover from the bank on this claim. *Id.* In this Court's view, *Fix* is instructive on the availability of damages for emotional distress but does not create a rule deviating from the general rule governing damages in attorney malpractice cases.

Plaintiff further argues a trend has developed to allow noneconomic damages in legal malpractice cases if the jury determines they are foreseeable,

citing *Vincent v. DeVries*, 2013 VT 34, 193 Vt. 574, 72 A.3d 886. See also *Salley v. Childs*, 541 A.2d 1297, 1301 (Me. 1988). Plaintiff urges this Court to rule that South Dakota is poised to follow that trend and to rule Plaintiff's noneconomic claim should go to the jury. For the following reasons, the Court declines to rule as Plaintiff urges.

In support of its theory that the South Dakota Supreme Court would embrace the trend to expand the possible recovery of noneconomic damages, Plaintiff claims there is a "signal" (Doc. 56, PgID 833) in *Kreisers Inc. v. First Dakota Title Ltd. Partnership*, 852 N.W.2d 413 (S.D. 2014). Plaintiffs sued under a negligence and negligent misrepresentation theory arising from a land transaction which resulted in unexpected tax exposure to plaintiffs. The court affirmed that the parties had the option to sue in contract or tort, and thus were not limited to the contract's allocation of loss. The court cited cases in support of its position that the economic loss doctrine has been rejected in negligence cases, including legal malpractice actions. *Id.* at 422 (citing *Clark v. Rowe*, 428 Mass. 339, 701 N.E.2d 624, 627 (1998); *Collins v. Reynard*, 154 Ill.2d 48, 607 N.E.2d 1185 (1992)). Yet the damages awarded were monetary only, which is what plaintiffs had sought. *Kreisers*, then, does not clearly support the extension of the general rule that Plaintiff seeks.

The cases Plaintiff cites from jurisdictions other than South Dakota also do not support both prongs of his argument. For example, Plaintiff relies on *Vincent* as support for the trend to allow noneconomic damages in legal malpractice actions. Yet, in *Vincent*, the court stated: "The vast majority of jurisdictions do not allow recovery of emotional distress damages in legal malpractice cases where the claim of malpractice is not premised on intentional acts, physical injury, or particularly egregious conduct." 72 A.3d at 894. In support of its position describing this newer rule, the court quotes authority from a number of states. See, e.g., *Lichteig v. Alderson, Ondov, Leonard & Sween, P.A.*, 556 N.W.2d 557, 561-62 (Minn. 1996); *Reed v. Mitchell & Timbanard, P.C.*, 183 Ariz. 313, 318, 903 P.2d 621, 626 (1995). The trend is described accurately by the *Vincent* court and is not broad enough to embrace attorney conduct that is not egregious or outrageous. In *Vincent* itself, the court denied damages for emotional distress resulting from attorney malpractice in connection with the threatened loss of the elderly plaintiff's home and his having to re-pay a buyer substantial financial compensation. *Id.* at 897. The court determined the attorney's representation was "not of such a personal and emotional nature" that it would fit the "exception" to the general rule disallowing recovery in the absence of "physical impact or substantial bodily injury or sickness." *Id.* Tellingly, the court distinguished the facts before it from

cases involving "the loss of liberty or one's child" which might fit the exception for awarding emotional distress damages from attorney malpractice. *Id.*

Plaintiff is correct that some jurisdictions allow damages for mental anguish in a legal malpractice action. See, e.g., *Henderson v. Domingue*, 626 So. 2d 255 (La. Ct. App. 1993); *Anthony v. Yokum*, 2011 WL 1734080 (La.App. 1 Cir. 2011); *Gore v. Rains & Block*, 473 N.W.2d 813 (Mich. Ct. App. 1991). Plaintiff is also correct that South Dakota allows noneconomic damages in tort actions S.D.C.L. § 21-3-1. See, e.g., *Roth v. Farner-Bocken*, 667 N.W.2d 651, 663 (S.D. 2003) (affirming award of compensatory damages in invasion of privacy action where plaintiff testified to his feelings of anger, betrayal, and devastation); *Bucher v. Staley*, 297 N.W.2d 802, 806 (S.D. 1980) (prevailing on claim of malicious prosecution can result in damages for humiliation, embarrassment, and mental anguish). To date, however, the South Dakota Supreme Court has not held that such damages are available in a legal malpractice action that does not involve claims of intentional or negligent infliction of emotional distress.

**Conclusion**

The South Dakota Supreme Court may adopt a rule permitting noneconomic damages in attorney malpractice cases if an attorney's conduct has been egregious or outrageous and is foreseeably harmful to plaintiff's personal interests. No such case, at least in recent times, has been presented to the South Dakota Supreme

Court with such a claim. The court has not adopted such a rule to date, and this Court will not presume the South Dakota Supreme Court will do so. In addition, even if the Court adopted this rule, Defendants' conduct as reflected in the documents submitted to the Court does not rise to the level of egregious or outrageous conduct where such damages would be warranted.

Plaintiff has moved for partial summary judgment, asking that the Court first, determine as a matter of law that noneconomic damages are available in a legal malpractice case and second, that plaintiff has submitted enough factual information to submit his claim to a jury. (Doc. 37). The Court denies both parts of Plaintiff's motion. That is, the South Dakota Supreme Court has not established the rule Plaintiff seeks governing noneconomic damages in legal malpractice cases and this Court will not presume the South Dakota Supreme Court would adopt such a rule. In addition, even if this Court were to adopt the modified rule allowing such damages where the attorney's conduct has been egregious, the facts Plaintiff has alleged would not support proceeding with the claim of egregious conduct.

The Defendants have moved for partial summary judgment on the issue of whether, as a matter of law, noneconomic damages are not available in an attorney malpractice case in South Dakota. The Court grants the Defendants' motion for partial summary judgment on this issue. (Doc. 30).

Accordingly, IT IS ORDERED that:

1. Defendants' motion for partial summary judgment (Doc 30) is granted;

2. Plaintiff's motion for partial summary judgment (Doc. 37) is denied.

Dated this 5th day of January, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK