UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| FREDERICK M. ZOSS,<br>Plaintiff<br><br>vs.<br><br>GREG PROTSCH AND MUMFORD<br>and PROTSCH, LLP,<br>Defendants | 4:20-cv-4211<br><br>MEMORANDUM<br>AND ORDER |

Pending before the Court is Plaintiff's motion to amend his complaint to add a claim for negligent infliction of emotional distress. (Doc. 31). Defendants oppose the motion. (Doc. 44). Plaintiff has replied. (Doc. 50).

**Background**

The factual background of this case has been summarized by the Court in two previous Orders (Doc. 13, Doc. 62). The claim is for legal malpractice and breach of fiduciary duty. (Doc. 1). Plaintiff alleges Defendant Protsch committed malpractice in his representation of Plaintiff in connection with the sale of cattle. Defendant asserts that Plaintiff caused his own losses by entering into an ill-advised sale before contacting an attorney for legal advice and assistance.

The procedural background of the case is as follows. After the Court denied Defendants' motion to dismiss on April 8, 2021, (Doc. 13), the parties proceeded with discovery. The initial scheduling order of June 18, 2021, (Doc. 17), was

1

amended at the request of the parties (Doc. 19, 20).  A second amended scheduling

order was granted at the request of the parties on May 9, 2022, (Doc. 25), as was a

third amended scheduling order which was granted on August 3, 2022. (Doc. 28).

The latter moved the trial date from October 24, 2022, to August 15, 2023.  This

followed the parties' unsuccessful mediation in July 2022, and yielded the cross-

motions for partial summary judgment (Doc. 30, 37) granted in Defendants' favor

(Doc. 62).  A fourth amended scheduling order was jointly requested and filed on

November 8, 2022, extending deadlines for discovery and motions, but

maintaining the August 2023 trial date. (Doc. 48). The deadline of July 1, 2021, to

amend pleadings remained unchanged from the first scheduling order. (Doc. 17).

Meanwhile, Plaintiff filed his motion to amend the complaint (Doc. 31) on October

7, 2022, as a result of discussions at the mediation. (Doc.  32, 50).

**Legal Standard**

A party who moves to amend the pleadings prior to trial may amend with

leave of court, and the court "should freely give leave when justice so requires."

Fed. R. Civ. P. 15(a)(2).  See *Rivera v. Bank of America*, 993 F. 3d 1046, 1051 (8th

Cir. 2021) (quoting standard); *Roeman v. United States*, 2021 WL 2351684, *2

(D.S.D. 2021).  In the Eighth Circuit, however, if a party seeks to amend a

pleading and is outside the scheduling order's deadline for amendment, the party

must comply with the standard of Fed. R. Civ. P. 16, which provides as follows:

"Modifying a Schedule.  A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4).  As the court explained in *Sherman v. Winco Fireworks, Inc.*, "the party must show cause to modify the schedule" and meeting the good cause standard "is not optional." 532 F.3d 709, 716 (8th Cir. 2008) (citing *Popoalii v. Corr. Med. Servs.*, 512 F. 3d 488, 497 (8th Cir. 2008)).  The *Sherman* court further explained that the "primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements."  *Id.* (quoting *Rahn v. Hawkins*, 464 F. 3d 813, 822 (8th Cir. 2006) (overruled on other grounds)).  See also *Albright as Next Friend of Doe v. Mountain Home School District*, 926 F.3d 942, 951 (8th Cir. 2019) (discussing requirement to comply with deadlines).

Apart from potential disruption of the scheduling order, courts have examined additional factors that should inform the decision whether to grant leave to amend.  As the Eighth Circuit has explained, "The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment....'" *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir 2000) (quoting *Thompson–El v. Jones*, 876 F.2d 66, 67 (8th Cir.1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). See also *Bell v. Allstate Life Ins. Co.*, 160 F.2d 452, 454 (8th Cir.1998);

3

*Yankton Sioux Tribe v. U.S. Army Corps of Engineers*, 497 F.Supp.2d 985, 987 (D.S.D. 2007).

**Analysis**

1. Good cause

Plaintiff argues he satisfies the good cause standard, which Defendants dispute. The Court notes that Plaintiff and Defendants have been diligent in complying with all scheduling orders other than the possible amendment under consideration.  Plaintiff has made joint motions with Defendants to amend the scheduling orders and the court is unaware of any tactics involved in discovery that either party has employed to disrupt the process.  Plaintiff has joined with Defendants in an effort to mediate their dispute.  Thus, Plaintiff appears to satisfy the concerns revolving around scheduling orders articulated by *Sherman*.

The motion to amend was made 15 months after the time to amend expired. The Court recognizes that although this is a significant delay, the schedule for trial is unaffected. As the Eighth Circuit has stated, "Delay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." *Bediako v. Stein Mart*, 354 F.3d 835, 841 (8th Cir. 2004) (quoting *Bell*, 160 F.3d at 454).  See also *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000); *Yankton Sioux Tribe*, 497 F.Supp.2d at 988.  For example, in *Thompson-El*, the motion to amend was filed two weeks before trial was to start, and added claims,

4

defendants, and damages, making it impossible to proceed without additional discovery and a minimum two-month trial delay.  876 F.2d at 68.

Plaintiff endeavors to add a cause of action which in his view, more accurately describes the issues at bar.  Plaintiff asserts that Defendants have had notice of the essence of the claim based on the complaint and answer to Defendants' Interrogatory #18. (Doc. 50, PgID 528).  The Court disagrees with Plaintiff's assertion that Defendants essentially conceded that Plaintiff could plead a negligent infliction of emotional distress claim (Doc. 50, PgID 529, citing Doc. 30-1, PgID 161).  Nevertheless, the Court finds the accurate determination of the issues in the case satisfies the good cause standard and proceeds to address the additional factors that would warrant denial of the motion to amend, including possible bad faith or dilatory motive, futility of the amendment, prejudice to the opponent, failure to cure deficiencies, or other germane factors. *Popp,* 210 F.3d at 943.

2.  Additional factors

a.  Bad faith or effort to delay

There is no evidence that Plaintiff is pursuing the amendment in bad faith or is attempting to delay trial.  Plaintiff's position is that the timing of the amendment and any resulting discovery will be such that trial can proceed as scheduled. (Doc. 50, PgID 535).  Plaintiff has identified the experts for Plaintiff's claims alleging

negligent infliction of emotional distress as the treating physicians, (id., PgID 530), so there should be little difficulty in arranging for depositions and any relevant discovery. To date, the documents produced to support Plaintiff's claim are minimal, thus avoiding issues of complexity or volume. There is no indication Plaintiff considered filing the motion earlier and purposely delayed. *Cheval International v. Smartpak Equine, LLC*, 2017 WL 1025801, *4 (D.S.D. 2017).

      b.  Futility

      The test for futility is whether the claim offered by way of amendment can survive a motion under Fed. R. Civ. P.12(b)(6). Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must assume all facts alleged in the complaint are true. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). See also *Yankton Sioux Tribe v. U.S. Dept. of Health & Human Services*, 496 F. Supp. 2d 1044 (D.S.D. 2007); *Broin and Associates, Inc. v. Genencor Intern., Inc.*, 232 F.R.D. 335, 338 (D.S.D. 2005). It should be dismissed only if "it asserts clearly frivolous claims or defenses." *Roemen*, 2021 WL 2351684, *7 (quoting *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999)).

At this stage, Plaintiff is not required to prove his case by a preponderance and is required only to plead enough to survive the Fed. R. Civ. P. 12(b)(6) standard. Plaintiff has met that burden.

c. Prejudice

Factors that can establish prejudice in the context of a motion to amend include "re-opening discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy." *Roemen*, 2021 WL 2351684, *6 (quoting *Kozlov v. Assoc. Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016)). In this case, there may be limited re-opening of discovery to address the treating physicians who support Plaintiff's amended claim. Postponement of trial is not anticipated, as indicated above. Trial strategy is unlikely to be altered significantly. There is no indication from Defendants of specific harm to their case, as might be the situation if witnesses or evidence would become unavailable.

d. Other considerations

The case before the Court is unlike cases where denial of the motion to amend has been deemed appropriate. Thus, Plaintiff has not previously failed to cure any deficiencies, as none have been the subject of an order from this Court. *Popp*, 210 F.3d at 983. Plaintiff has not attempted to amend claims that have been dismissed. *Yankton Sioux Tribe*, 497 F.Supp.2d at 988. Plaintiff has endeavored

to provide a rationale for his motion to amend and has provided a proposed complaint. *Rivera,* 993 F.3d at 1051 (citing *Misischia v. St. John's Mercy Health Sys.,* 457 F.3d 800, 805 (8th Cir. 2006)).  This is not a post-judgment effort to obtain relief from judgment. *Peterson v. The Travelers Indemnity Company,* 867 F.3d 992, 997 (8th Cir. 2017).

**Conclusion**

The Court has determined that Plaintiff meets the standard of good cause to amend the complaint.  It is not anticipated that amendment will disrupt the existing schedule, and there is no indication of bad faith or dilatory tactics on Plaintiff's part.  The amendment does not appear futile.  Defendants will not be unfairly prejudiced if the amendment is permitted.

Accordingly, IT IS ORDERED that

1. Plaintiff's motion for leave to amend the Complaint is granted;

2. That the amended complaint will be filed one week after entry of this Order.

Dated this __5th__ day of January, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

8

ATTEST:
MATTHEW W. THELEN, CLERK

_____