UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| FREDERICK M. ZOSS,<br>Plaintiff<br><br>vs.<br><br>GREG PROTSCH and<br>MUMFORD & PROTSCH, LLC,<br>Defendants | 4:20-cv-4211<br><br>MEMORANDUM<br>OPINION AND ORDER |

Pending before the Court is Defendants' Motion to Exclude the report of Roger DeRouchey, Plaintiff's expert. (Doc. 45). Plaintiff has responded, (Doc. 51), and Defendants have replied. (Doc. 57).

**Background**

The factual background of this case has been summarized by the Court in three previous Orders (Doc. 13, 62, 63). The claim is for damages resulting from legal malpractice and breach of fiduciary duty. (Doc. 1). Plaintiff alleges Defendant Protsch committed malpractice in his representation of Plaintiff in connection with the sale of cattle. Defendants assert that Plaintiff caused his own losses by entering into an ill-advised sale before contacting Protsch for legal advice and assistance. Plaintiff has endeavored to describe his losses, and his expert,

1

Michael Dove, has attributed them to Defendants, primarily in the context of failing to mitigate Plaintiff's damages. (Doc. 46-1). Defendants have responded with an expert, Sander Morehead, who concludes the cause of Plaintiff's damages is twofold: the buyer of the cattle defaulted and sold the cattle, and Plaintiff engaged in an ill-advised transaction with the buyer. (Doc. 46-2). Plaintiff challenges this conclusion, but an important aspect of Defendants' expert report is his calculation that at most, Plaintiff would have recouped $38,021.43, the amount for which the cattle were ultimately sold. (Id., PgID 466). Plaintiff has challenged this conclusion through Dove's rebuttal. (Doc. 36-3, PgID 323). Plaintiff claims Defendants are responsible for almost $300,000 that Plaintiff asserts could have been recouped if Defendants had moved to resolve the issues with the sale shortly after it occurred. The DeRouchey report (Doc. 46-3) adds supporting detail to Plaintiff's assertions.

The facts concerning the DeRouchey report that pertain to the current motion are as follows. (Doc. 46-3). After Defendants' submitted Morehead's expert report, (Doc. 46-2), Plaintiff sent Defendants the DeRouchey report, an additional report which Plaintiff characterizes as either an expert report or rebuttal to the Morehead assertions. (Doc. 51, PgID 541-42). The report appears to be based on Plaintiff's calculation of his losses, as supported by Dove's expert report, and provides detail for the claim of Defendants' failure to assist Plaintiff in

2

mitigating damages. (Docs. 36-1, PgID 295; 36-3, PgID 323). Defendants assert this report is not rebuttal and is a late-submitted expert report which should be excluded for failure to comply with the Court's deadline for submission of expert reports. (Doc. 45, 46). Defendants also challenge the admissibility of the report pursuant to FRE 702 and 703 and move to exclude it on that basis. (Id.).

For the following reasons, the Court denies Defendants' motion to exclude the DeRouchey report on the basis it was submitted after the deadline. The Court offers Defendants the opportunity to submit one or more expert reports as surrebuttal.

**Legal Standard**

A. Timeliness of Disclosure

Defendants challenge admission of the report as untimely and not qualifying as a rebuttal report. The Eighth Circuit has provided guidance on how to handle late disclosures of witnesses to be called at trial. In the leading case of *Citizens Bank of Batesville, Arkansas v. Ford Motor Co.,* the district court allowed five occurrence witnesses to testify, although they had not been mentioned at the pretrial conference or listed in the pretrial witness list. 16 F.3d 965, 966 (8th Cir. 1994). The Eighth Circuit set forth the test for district courts to employ in determining whether to exclude the testimony of witnesses not identified in compliance with a pretrial order as follows: "(1) the reason the party fails to name

3

the witness; (2) the importance of the testimony; (3) the amount of time the opposing party needs to properly prepare for the testimony; and (4) whether a continuance would in some way be useful." *Id.* at 967 (quoting *Boone v. Moore,* 980 F.2d 539, 541–42 (8th Cir.1992)). The court used the abuse of discretion standard to analyze the district court's ruling allowing the testimony and affirmed the court's decision to permit the witnesses to testify "as a search for the truth." *Id.* at 967. Furthermore, the testimony was relevant and the court was willing to grant a continuance to accommodate the opponent. *Id.* Given these considerations, the Eighth Circuit affirmed.

It is noteworthy that the four factors listed above in *Citizens Bank* have been augmented by subsequent cases. In *Marti v. City of Maplewood, Mo.,* the court identified the *Citizens Bank* factors and added the following for consideration: "(1) the prejudice or surprise in fact of the party against whom the excluded witness would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; (4) bad faith or willfulness of the party failing to comply with the court's order." 57 F.3d 680, 683 (8th Cir. 1995) (quoting *Morfeld v. Kehm,* 803 F. 2d 1452, 1455 (8th Cir. 1986)).

In the context of expert witnesses, F.R.C.P. 26(a)(2) addresses the disclosure of expert testimony and directs that the required disclosures be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). In the event a party fails to abide by the court's order, the court has discretion to permit the testimony or to exclude it pursuant to F.R.C.P. 37, which authorizes sanctions for failing to make disclosures or to cooperate in discovery. Fed. R. Civ. P. 37(c)(1).

In *Farmland Industries, Inc. v. Morrison-Quirk Grain Corp.*, the court addressed the district court's denial of a motion to exclude certain testimony of an expert witness on retrial, stating it would not reverse "absent a 'gross abuse of discretion resulting in fundamental unfairness in the trial of the case.'" 54 F.3d 478, 482 (8th Cir. 1995). The court found no abuse of discretion in permitting the expert to testify when the opponent was given an additional opportunity to depose him and was not confused or surprised by the testimony. *Id.*

The Eighth Circuit has made clear that expert testimony should not be excluded if the failure to disclose was justified or harmless. In *Trost v. Trek Bicycle Corp.*, the court determined that a late disclosure approximately six weeks before trial was not harmless, and therefore, excluding the expert's report was not an abuse of discretion. 162 F.3d 1004, 1008 (8th Cir. 1998). Likewise, in *Wegener v. Johnson*, the court addressed the problem of expert testimony submitted two-

5

and-a-half weeks prior to trial which would have supplemented testimony of plaintiff's expert. 527 F.3d 687 (8th Cir. 2008). The trial court excluded it both in the case-in-chief and in rebuttal, which the Eighth Circuit affirmed. The court cautioned that "the exclusion of evidence is a harsh penalty and should be used sparingly." *Id.* at 692 (quoting *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995)). Even so, the district court did not abuse discretion when it determined that failure to disclose the expert testimony was neither justified nor harmless, trial would have been delayed yet again due to counsel's "surprise" at the untimely disclosure and source of the opinion, and "a substantial amount of other evidence was presented to the jury" on the point in question. *Id.* at 692.

District courts have applied these standards in numerous cases. For example, in *O'Daniel v. Stroud, NA,* involving a dispute over the sale of farm insurance, the plaintiff's expert report did not include all of the information required to be disclosed pursuant to F.R.C.P. 26(a)(2)(B). 2007 WL 9773486, *1 (D.S.D. 2007). The defendants argued exclusion was required given that the report was inadmissible and untimely, meaning discovery would have to be reopened to permit them to depose the expert. *Id.* The court concluded the expert testimony was important to the plaintiff, meaning exclusion would "significantly affect his ability to prove his case"; plaintiff had disclosed some information about the expert before

6

the discovery deadline; and the defendants would not be prejudiced by the late disclosure, which would not necessitate a continuance. *Id.* at *2 (citing *Citizens Bank*, 16 F.3d at 966). In *Janvrin v. Continental Resources, Inc.*, the court addressed the problem of untimely disclosure of evidence concerning the computation of damages. 2016 WL 4574665, *1-2 (D.S.D. 2016). The court determined the late disclosure was harmless, given that the case had not been plagued with delays and the trial date was not set. Therefore, the court declined to exclude the evidence or impose sanctions. *Id.* at *3. Similarly, this Court addressed the problem of a late disclosed expert witness in *Voss v. State Farm Fire and Cas. Co.*, and determined the late disclosure was harmless given that the failure to disclose was inadvertent and that opposing counsel had been aware of the expert opinion since the filing of the plaintiff's proof of loss with the insurance company. 2009 WL 1321910, *2 (D.S.D. 2009).

B.  Satisfaction of F.R.E. 702-703 and *Daubert* standard

The standards for admissibility of expert testimony addressing scientific evidence were established in *Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579 (1993). *Kumho Tire Co., Ltd. v. Carmichael* expanded the *Daubert* standard to apply to technical and other specialized types of evidence that are the subject of expert testimony. 526 U.S. 137, 149 (1999). Subsequently the standards were embodied in F.R.E. 702 which provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise, if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

F.R.E. 703 addresses the bases of an expert's opinion, and among other provisions, states that the expert's opinion may be based on facts or data that "the expert has been made aware of or personally observed." Fed. R. Evid. 703.

The Eighth Circuit has applied the *Daubert* principles in many cases. Thus, the court has held that when considering expert testimony, a district court must ensure that it is "both reliable and relevant." *Smith v. Bubak*, 643 F.3d 1137, 1140 (8th Cir. 2011) (citing *Marmo v. Tyson Fresh Meats Inc.*, 457 F.3d 748, 757 (8th Cir. 2006)). Establishing relevance means "the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue." *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010) (citing *Marmo*, 457 F.3d at 757). The court has relied on the holding in *Kumho Tire* that reliability is established by the party offering the testimony and requires a showing "that the expert is qualified to render the opinion" and that the testimony has "a reliable basis in the knowledge and experience of the [relevant] discipline." *Kumho Tire*, 526 U.S. at 149 (quoting *Daubert*, 509 U.S. at 592). See generally *Adams v.*

*Toyota Motor Corporation*, 867 F.3d 903, 915 (8th Cir. 2017); *Barrett*, 606 F.3d at 981.

The proponent of the expert testimony must prove its admissibility by a preponderance. *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). The opinion must be excluded if it "is so fundamentally unsupported that it can offer no assistance to the jury." *Nettles v. Hilton Worldwide, Inc.*, 2021 WL 1759227, *3 (D.S.D. 2021) (quoting *Bonner v. ISP Techs., Inc*, 259 F.3d 924, 929 (8th Cir. 2001)). Speculative testimony is inadmissible. *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1057 (8th Cir. 2000). The Eighth Circuit has cautioned that "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility," and furthermore, it is the responsibility of the opposing party "to examine the factual basis in cross-examination." *Bonner*, 259 F.3d at 929.

**Analysis**

    A. Challenge to Timeliness of Disclosure

Plaintiff did not file the DeRouchey report as an initial expert disclosure and instead, characterizes it as a late-filed or rebuttal report to the testimony of Defendants' expert Morehead. (Doc. 51). The Court recognizes that it is a close question whether the DeRouchey report is properly characterized as rebuttal. *Wegener*, 527 F.3d at 691-92. The court concludes the report can be characterized

as such. Plaintiff's expert Dove discussed Defendants' failure to mitigate damages, (Doc. 36-1, PgID 290), and offered an alternative for how that could have been done. (Id., PgID 295). Defendants' expert Morehead concluded Dove's alternative was not feasible and pegged the maximum amount of Plaintiff's damages at $38,021.44. (Doc. 36-2, PgID 306). Dove responded with several suggestions. (Doc. 36-3, PgID 317, 322, 323). Among them was that the cattle could have been pastured for resale later, measured "by their value a few months down the road" after they were returned to Plaintiff. (Id., PgID 323). Therefore, in his view, damages of $38,021.44 were inadequate. The DeRouchey report dovetails with Dove's rebuttal to Morehead in supplying figures to counter Morehead's figure and can be classified as rebuttal. As such, it will not be excluded.

In the alternative, if the report is simply a late-disclosed expert report, the factors from *Citizens Bank* and *Marti* governing exclusion of untimely disclosures must be analyzed. The Court finds DeRouchey's testimony is important to Plaintiff's case, which otherwise would lack a foundation for an assessment of possible damages for failure of Defendants to mitigate them. The Court further finds the expert reports from Dove and Morehead alerted Defendants to the issue of mitigation of damages, including the possible return of the cattle to Plaintiff's

custody. The Court finds the Defendants are not prejudiced by the late disclosure, given that trial is not imminent.

B. Challenge under F.R.E. 702-703 and *Daubert*

Defendants challenge the admissibility of DeRouchey's report pursuant to F.R.E. 702-703. To the extent this report assesses whether Plaintiff could have sold the cattle for a greater price than he obtained from Knutson in December 2017, it consists of speculation and is irrelevant, and therefore is disallowed. (Doc. 46-3, PgID 480). *Concord*, 207 F.3d at 1057. To the extent DeRouchey's conclusions rest on Plaintiff's expert Dove's theories that the sale to Knutson somehow could have been rescinded or unwound, that Dove opinion lacks foundation, is speculative, and is inadmissible. By the time Mr. Zoss came to see Defendants, the cattle had been transferred to Knutson in North Dakota. Likewise, the Dove opinion that a security interest could have been obtained with the consent of Town and Country Credit Union also lacks foundation, is speculative, and is also thus inadmissible. *Id.* See also *Nettles*, 2001 WL 1759227, at *3. Town and Country Credit Union sold the remaining cattle when they could, pursuant to their secured position, this being directly contrary to the supposition that Town and Country would have waived their security interest in the cattle. DeRouchey's conclusion can be supported by Dove's other opinion that if properly done, a super-priority purchase money security interest could have been obtained on the

Zoss cattle. Defense expert Sander Morehead opines that under these facts it was not possible to obtain a super-priority purchase money interest by the time Zoss first visited with Defendants. For now, this portion of Dove's opinions can support DeRouchey's damage opinions. The Court notes that unless there is a fact question, it appears that the Court will ultimately decide whether or not a super-priority purchase money interest could have been obtained on the cattle by the time Mr. Zoss first visited with Defendants.

The amount of damages is a proper question for trial, and depends as a threshold matter on whether Defendants are determined to have committed malpractice. DeRouchey is qualified to give opinions on the damages sought. The DeRouchey damage opinions will be admitted at trial as long as there is an expert opinion establishing that there could have been a security interest created in the cattle at the time Mr. Zoss first sought the legal assistance of Defendants.

Accordingly, IT IS ORDERED

1. That the Defendants' motion to exclude the DeRouchey report (Doc.45) as untimely is denied;

2. That the Court defers final ruling on Defendants' motion to exclude the DeRouchey report until there is a determination as to whether or not a security interest could have been obtained in the Zoss cattle when Mr. Zoss first sought the legal advice of Defendants.

Dated this 1st day of March, 2023.

BY THE COURT:

*Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

*Matthew Thelen*