UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| FREDERICK M. ZOSS,<br>         Plaintiff | 4:20-cv-4211 |
| vs. | ORDER |
| GREG PROTSCH AND<br>MUMFORD AND PROTSCH, LLP,<br>         Defendants | |

Pending before the Court is Defendants' Motion to Strike Plaintiff's Amended

Complaint, (Doc. 66), and an accompanying Motion for Attorneys' Fees. (Doc. 68). Plaintiff

resists the Motion. (Doc. 70). Defendants have replied. (Doc. 72). For the following reasons the

Court grants the Defendants' motion in part and denies it in part.

**BACKGROUND**

The Court has summarized the background to this case in several prior opinions. (Doc.

13, 62, 63, 67). The case is an attorney malpractice action alleging malpractice and breach of

fiduciary duty by Defendants in their representation of Plaintiff in connection with his sale of

cattle.

Plaintiff moved to amend the complaint, (Doc. 31), and submitted a proposed amended

complaint. (Doc. 32-1). Defendants opposed the motion. (Doc. 44). The Court granted

Plaintiff's motion and set a deadline for filing the amended complaint. (Doc. 63). Plaintiff failed

to comply with the deadline and filed a proposed amended complaint approximately five weeks

late. (Doc. 66). The current motion to strike by Defendants challenges admission of the

1

complaint on timeliness grounds and because the amended version of the complaint does not conform to the proposed version. Defendants also seek attorneys' fees and costs in connection with this motion.  (Doc. 69).

**LEGAL STANDARD**

District of South Dakota Local Rule 15.1 requires that a party submit a proposed amended version of a complaint when it moves for its admission. D.S.D. Civ. LR 15.1.  The rule requires the moving party to file the clean original of the amended complaint within seven days. Id. The purpose of the rule is to enable the Court to assess the proposed amendments to determine whether they comport with the standards of Fed. R. Civ. P. 15.  As a general proposition, once the time to file the clean pleading has expired, an extension of time may be granted upon motion and for excusable neglect. Id.  In this case, Plaintiff failed to make such a motion but did cite excusable neglect as the reason for the tardy filing.  (Doc. 70, PgID 957). The Court will not penalize Plaintiff for counsels' failure to comply with the filing deadline by striking the amended complaint, given the lack of prejudice to the Defendants.  See U.S. District Court, District of South Dakota Motions, Oppositions, and Replies—Motion for Leave to Amend, 2008 WL 12791 (updated July 2022) (citing 6 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1484 (3d ed., April 2022 update); *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 388 (5th Cir. 1982), on reh'g, 701 F.2d 556 (5th Cir. 1983)).

The standard articulated in D.S.D. Civ. LR 7.1 anticipates that correction of punctuation, grammar, and spelling errors is acceptable.  Likewise, because a party may move at any time to amend pleadings to conform to the evidence, correction of factual assertions based on developments during discovery is appropriate. Fed. R. Civ. P. 15(b)(2).  The problem arises when counsel strays from the proposed amendments to add new material not contemplated by the

proposed amendment.  Because that is the situation in the case before the Court, a paragraph-by-paragraph review of the proposed amended complaint, (Doc. 32-1), and revised proposed amended complaint, (Doc. 66, 71-1), is required.  The Court must discern whether differences between the two are substantive or merely stylistic or grammatical corrections.  The Court seeks to avoid prejudice to the Parties. See *Bediako v. Stein Mart, Inc.,* 354 F.3d 835, 840 (8th Cir. 2004) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)).  See also *Yankton Sioux Tribe v. U.S. Army Corps of Engineers*, 497 F.Supp.2d 985, 988 (D.S.D. 2007).

**ANALYSIS**

Defendants have challenged Plaintiff's amended complaint that appears at Doc. 66.  In conjunction with the current motion, Plaintiff filed a red-lined version of the proposed amended complaint, (Doc. 32-1), with the changes it incorporated into its proposed revised amended complaint at Doc. 71-1.  The latter version eases comparison of the two documents and the Court will conduct its review using Doc. 71-1.

In reviewing Plaintiff's newest version of its Complaint, (Doc. 71-1), the Court makes the following determinations:

Paragraphs 1-7 (Id., PgID 974-75)—the changes from the originally submitted proposed amended complaint, (Doc. 32-1), are not substantive and merely correct grammar and other errors.  Therefore, the language in Plaintiff's revised amended complaint, (Doc. 71-1), at those paragraphs is approved.

Paragraph 8 (Id., PgID 975)—Plaintiff's allegation changes the nature of the claim and is disapproved.  The language of the revised amended complaint, (Doc. 71-1), deviates from the document the Court approved, (Doc. 32-1).  Plaintiff must replace paragraph 8 with the language of the original proposed amended complaint. (Doc. 32-1).

3

Paragraphs 9, 10 (Id., PgID 975)—approved.

Paragraph 11 (Id., PgID 975)—Plaintiff's revision deviates from the Court's approval of Doc. 32-1 and is disapproved. The language of the original proposed Complaint must replace paragraph 11 of Doc. 71-1.

Paragraph 12 (Id., PgID 975)—In part, Plaintiff's revised language corrects factual assertions and is based on Plaintiff's deposition. It is approved to the extent it clarifies Plaintiff had not registered the cattle. Plaintiff's Exhibit C, (Id., PgID 985), does not clearly support the remainder of Paragraph 12 and the language is disapproved.

Paragraphs 13, 14 (Id., PgID 975-76)—Plaintiff's revised language is not a substantive change and is approved.

Paragraphs 15, 16—no change.

Paragraph 17 (Id., PgID 976)—Plaintiff's revised language is not a substantive change and is approved.

Paragraph 18 (Id. PgID 976)—Plaintiff's revised language is a substantive change and is disapproved. The language of the proposed amended complaint at Doc. 32-1 must be used.

Paragraph 19—no change

Paragraph 20 (Id., PgID 977)—Plaintiff's revised language is not a substantive change and is approved.

Paragraph 21 (PgID 977)—Plaintiff's revised language is a substantive change and is disapproved. Plaintiff must replace this language with that of the original proposed amended complaint at Doc. 32-1.

Paragraphs 22-25 (Id., PgID 977-78)—Plaintiff's revised language is not a substantive change and is approved.

4

Paragraph 26—no change.

Paragraph 27, 28 (Id., PgID 978)—Plaintiff's revised language deviates from the proposed amended complaint and is disapproved. The language of the proposed amended complaint at Doc. 32-1 must be used.

Paragraphs 29, 30 (Id., PgID 978)—Plaintiff's revised language is a substantive change and is disapproved. The language of the proposed amended complaint at Doc. 32-1 must be used.

The language in Counts 1-3, (Id., PgID 979-80), reflects the Court's grant of the motion to amend, (Doc. 63), with the following comments: Paragraph 31.(e) is a substantive addition and is disapproved; paragraph 32 is disapproved to the extent it adds language that does not appear in the corresponding paragraph of Doc. 32-1; paragraph 36 is a substantive addition and is disapproved; paragraph 33 and what should be paragraph 37 (currently appearing as paragraph 1) do not make substantive changes and are approved.

**CONCLUSION**

The Court declines to strike Plaintiff's amended complaint, (Doc. 66), in its entirety. Fed. R. Civ. P. 12(f). The pleading does not include "redundant, immaterial, impertinent, or scandalous matter." Id. The revised amended complaint fails to conform to the proposed amended complaint, (Doc. 32-1), however, and the changes indicated above must replace those in Plaintiff's revised version of the amended complaint, (Doc. 71-1).

Neither counsel has justified the award of attorneys' fees in conjunction with this motion, and the Court therefore denies the motion for attorneys' fees.

Accordingly, IT IS ORDERED

1.  That Defendants' motion to strike Plaintiff's amended complaint, (Doc. 66), in its entirety is denied;

2.  That Defendants' motion to strike is granted in part and denied in part as detailed above;

3.  That Defendants' motion for attorneys' fees in conjunction with its motion to strike is denied.

Dated this _____ day of April, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

6